HOFFMAN *v.* MANUFACTURERS' MUT. FIRE INS. Co.

*(Circuit Court, D. Indiana.* April 16, 1889.)

INSURANCE—CONDITIONS OF POLICY.

By the terms of a policy the insurer was not to be liable for a greater proportion of any loss on the property described in the policy than the sum insured therein should bear to the whole sum insured on such property. *Held,* that a statement occupying a space for the description of the property, in which different pieces of property were specified. and opposite each piece was placed a certain sum, did not amount to an agreement by the insured that he would maintain an insurance upon the property equal to the aggregate of such sums, so that the insurer could take such aggregate as the basis upon which to figure its proportion of loss.

At Law. On demurrer to answer.

This action counts upon a policy of insurance issued by the defendant to the plaintiff on a number of buildings and their contents, situated near Kellyville station in the state of Pennsylvania. By the terms of the policy the company agreed to indemnify Hoffman to the amount of $2,500, and there is a provision that it shall not be liable for a greater proportion of any loss upon the property described in the policy than the sum insured therein bears to the whole sum insured thereon. And it is also provided that the insurance may be terminated by either party upon notice, etc. Following the statement that the amount of the insurance is $2,500, and occupying the space for the description of the property, there appears the following printed form:

SELLERS HOFFMAN.

| | |
|---|---:|
| On stone building marked "A" on plan, including stone addition and stone stairway house, | $10,000 |
| On stone building marked "B" on plan, including stone stairway house, | 5,000 |
| On stone building occupied as picker-house and carding-room, | 750 |
| On stone building occupied as a machine-shop, | 750 |
| On stone and frame building occupied as a dye-house, | 750 |
| On stone building, including stack, occupied as a boiler and engine-house, | 750 |
| On stone and frame building occupied as a packing and finishing house, | 750 |
| On stone building occupied as a store-house and stable, | 750 |
| On machinery of every description, also shafting, pulleys, hangers, couplings, belting, piping, water-wheels, pumps, drums, gearing, tanks, hose, shuttles, heddles, reeds, bobbins, spools, press-boards, press-papers, tools, implements, appurtenances, furniture, fixtures, and machinery supplies, contained in building marked "A" on plan, and in the stone addition and stone stairway house, | 39,000 |
| On machinery and other items as above described, contained in building marked "B" on plan, | 15,000 |
| On machinery and other items as above described, contained in building occupied as a picker-house and carding-room, | 2,000 |
| Amount carried forward | $75,500 |

| | |
|---|---:|
| Amount brought forward    -    -    -    -    - | $75,500 |
| On machinery and other items as above described, contained in building occupied as a machine-shop,    -    -    -    - | 1,000 |
| On machinery and other items as above described, also tubs and vats, contained in building occupied as a dye-house,    -    - | 2,000 |
| On machinery and other items as above described, contained in packing and finishing house building,    -    -    -    - | 2,000 |
| On machinery and other items as above descriled, also engine, boilers, and all connections, contained in building occupied as an engine and boiler house,    -    -    -    -    -    - | 1,000 |
| On stock and materials of every description. raw, manufactured, unmanufactured, and in process of manufacture, contained in building marked "A" on plan, and in stone addition,    -    - | 2,500 |
| On stock and materials as above described, contained in building marked "B" on plan,    -    -    -    -    -    -    - | 1,500 |
| On stock and materials as above described, contained in building occupied as a picker-house and carding-room,    -    -    - | 500 |
| On stock and materials as above described, contained in building occupied as a dye-house,    -    -    -    -    -    - | 500 |
| On stock and materials as above described, contained in building occupied as a packing and finishing house,    -    -    - | 1,500 |
| On stock and materials as above described, contained in building occupied as a store-house and stable,    -    -    -    - | 2,000 |
| | $90,000 |

All situate on the Philadelphia and Baltimore Turnpike, about one quarter of a mile from "Kellyville Station," on the West Chester & Philadelphia Railroad, Delaware Co., Penna., known as the "Kellyville Works," and occupied as a cotton-mill.

Reference is had to Hexamer's plan, Nos. 661 and 662. Privilege to make additions, alterations, and repairs, to run until 9 o'clock P. M., and to make other insurance, without notice, until required.

It is understood and agreed that the Manuf'rs Mutual Fire Insurance Company, of Indianapolis, Indiana, covers under their policy, No. 2207, to which this specification is attached, and made a part thereof, 1-36th part of the above-named sums, amounting in the aggregate to twenty-five hundred ($2,500) dollars.    C. B. FUNSTON, Secy.

It appears that on August 24, 1888, fires occurred in all of the several properties mentioned in this form, by which the plaintiff sustained losses to the amount of $51,000; and that at that time he had other insurance to the amount of $57,500, making a total insurance of $60,000. The plaintiff claims that the defendant is liable for $2,125,—that sum bearing the same proportion to $2,500 as the total loss to the whole amount of insurance at the time of the loss. The defendant, by its third paragraph of answer, admits a liability for $1,416.52, being two-thirds of the amount sued for, claiming that the printed form, with the sums stated and aggregated, amounts to an agreement by the plaintiff to maintain an insurance of $90,000 on the property, and to become a co-insurer with the defendant for such amount as the actual insurance at the time of the loss should fall short of this; and, as there existed but $60,000 insurance when the loss occurred, it is insisted that the plaintiff should bear one-third of it. It is also stated in the answer that at the time the policy

sued on was issued, the plaintiff actually had $90,000 of insurance on the properties, and afterwards, without notice to the defendant, canceled $30,000.

*Morris, Newberger & Curtis* and *Sharp & Alleman*, for plaintiff.

*W. T. Brown* and *Vinson Carter*, for defendant.

WOODS, J., *(after stating the facts as above.)*   The court does not accede to the proposition that the statement furnished by the assured, when inserted in the policy, became either a representation or a covenant by the assured that he had, or intended to procure, and would maintain, insurance upon the several pieces of property described to the respective amounts set opposite each; nor, if such representations were conceded, does the court think the consequences contended for would follow.   In the absence of any corresponding covenant or condition in the contract, a mere representation of intention in respect to future acts or conduct creates no obligation, and affords no ground of relief from an agreement. It is alleged in the answer that when this policy was written the complainant had other insurance to the amount of $90,000, but that can hardly affect the question, there being in the policy no stipulation or condition that any particular amount of insurance should be maintained. Demurrer sustained.